FILED

February 16, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:59 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Johnny Louis Reece, | ) | Docket No.: 2015-01-0199 |
|       Employee, | ) | |
| v. | ) | State File No.: 51113-2015 |
| | ) | |
| Jeffrey Darrell Moffitt, d/b/a Moffitt | ) | Judge Thomas Wyatt |
| Logging, | ) | |
|       Employer. | ) | |

---

## EXPEDITED HEARING ORDER FOR TEMPORARY DISABILITY AND MEDICAL BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge on January 20, 2016, upon the Request for Expedited Hearing (REH) filed by the employee, Christopher Johnny Louis Reece, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Reece seeks temporary disability and medical benefits from Jeffrey Moffitt, d/b/a Moffitt Logging (Moffitt),[1] the uninsured and unrepresented employer, arising from a work-related injury to his head, neck, left hip and left knee occurring October 24, 2014. (T.R. 1 at 1.)

The central legal issue raised during this Expedited Hearing is whether, and to what extent, Mr. Reece is entitled to temporary disability and medical benefits. For the reasons set forth below, the Court finds Mr. Reece is entitled to temporary disability and medical benefits.

### History of Claim

Mr. Reece is a fifty-four-year-old resident of Pikeville, Bledsoe County, Tennessee. (T.R. 1 at 1.) On the date of injury he had worked approximately a year and a half as a logger for Moffitt. (Ex. 1 at 1-2.) Mr. Reece, who cannot read and can only write his name, testified that, at age thirteen, he quit the fourth or fifth grade to work on a farm. *Id.* at 4. He testified he worked "off and on" for most of his working life as a

---

[1] Wherever referenced in this Order, the term "Moffitt" refers to both Mr. Moffitt individually and to the business known as Moffitt Logging.

1

logger.

Mr. Reece testified Moffitt paid him $925 per week for logging and night watchman duties. (Ex. 1 at 2.) Mr. Reece testified Mr. Moffitt paid him with a check, did not withhold taxes, and did not give him a W-2 form for wages paid in 2013. *Id.* at 3. He also testified he worked under Moffitt employee Rayburn Prater who, as foreman, directed him when and where to work; which trees to cut down; and provided him all tools and equipment needed to perform the directed duties. *Id.*

On October 28, 2014, Mr. Reece sustained injuries to his neck, middle back, ribs, left hip, left femur and left knee when the top of a tree struck him and crushed him beneath its weight. (Ex. 1 at 2.) The records of the Erlanger Medical Center emergency department indicated Mr. Reece arrived by Life Force air ambulance on October 28, 2014. (Ex. 6 at 1.) Mr. Reece gave a history of having sustained injury in a logging accident when a tree he cut down hit another tree that fell and landed on him. *Id.* at 2. An operative report documenting emergency surgery performed October 29, 2014, indicated Mr. Reece gave a history of sustaining injury when struck by a falling tree limb. (Ex. 2 at 10.)

Trauma surgeon, Dr. Peter Nowotarski, treated Mr. Reece at Erlanger. (Ex. 2.) Dr. Nowotarski performed emergency surgeries to repair a left-hip dislocation and fracture, with incarcerated bony fragments, and a fracture of the lateral tibial plateau in Mr. Reece's left knee. *Id.* at 10. In his consultation note, Dr. Nowotarski opined that Mr. Reece sustained his injuries when struck by a falling tree limb at work. *Id.* at 13-14.

Mr. Reece remained hospitalized at Erlanger for four days. (Ex. 7 at 3.) Mr. Reece testified he has received almost no treatment for his work injuries since his release from the hospital because Moffitt did not pay his medical bills. Dr. Nowotarski's records indicated he saw Mr. Reece on November 13, 2014, December 12, 2015, and May 4, 2015, for follow-up examinations. (Ex. 2 at 1.) Other than prescribing medication following the November 13 visit, Dr. Nowotarski did not actively treat Mr. Reece's injuries during the follow-up visits. (Ex. 2.)

Mr. Reece testified he has not worked anywhere since the date of injury. When he released him from the hospital, Dr. Nowotarski "put [Mr. Reece] out of work." (Ex. 2 at 1.) Following the November 13, 2014 office visit, Dr. Nowotarski required Mr. Reece to remain non-weight-bearing on his left-lower extremity. (Ex. 2 at 9.) Following the December, 12, 2014 visit, Dr. Nowotarski gave Mr. Reece a note that indicated "pt. is unable to work at this time." (Ex. 3 at 1.) Following the May 4, 2015 visit, Dr. Nowotarski gave Mr. Reece a note that "pt. is currently unable to work at his job due to his injury." *Id.* at 2. In his May 4, 2015 office note, Dr. Nowotarski wrote, "I do not think he will be able to go back and perform in the logging trade as he was prior to this injury." (Ex. 2 at 5.)

2

Mr. Reece testified Moffitt's owner, Jeffrey Darrell Moffitt, never came to see him at the hospital, but, for a short period after his release from the hospital, Mr. Moffitt stopped by to see him on Fridays and gave him $300 at each visit. (Ex. 1 at 4.) Mr. Moffitt stopped giving him any money after Mr. Reece retained counsel. Mr. Reese testified that, upon asking Mr. Moffitt if he would pay his medical bills, Mr. Moffitt replied that the providers could not do anything to Mr. Reece because he did not own anything. *Id.* Mr. Moffitt suggested Mr. Reece pay $2 to $3 per month on the bills. *Id.*

Mr. Reece testified he currently lives in a house without heat or air conditioning. (Ex. 1 at 5.) The owner allows him to live rent-free and pays the utilities. *Id.* Mr. Reece testified he receives $198 per month in food stamps.

**Findings of Fact and Conclusions of Law**

The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Mr. Reece Sustained a Compensable Injury.*

Tennessee Code Annotated section 50-6-102(14) (2015) defines a compensable injury as "an injury by accident . . . arising primarily out of and in the course and scope of employment." Subsection (A) of the above provision states, "[a]n injury is 'accidental' only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]"

The medical records introduced in evidence during the Expedited Hearing corroborated Mr. Reece's testimony that he sustained the claimed injuries on October 28, 2014, when struck by a falling tree while performing duties in the course and scope of his employment as a logger for Moffitt. Accordingly, the Court finds that, at a hearing on the merits, Mr. Reece will likely prevail in establishing that his back, left-hip, left-knee and left-leg injuries arose primarily out of and in the course and scope of his employment by Moffitt.

*Mr. Reece Is Entitled to Medical Benefits.*

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) provides that "[t]he employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." The Court finds that, at a hearing on the merits, Mr. Reece will prevail in establishing that the treatment documented by the evidence introduced at the Expedited Hearing, including but not limited to the air ambulance service, treatment received at Erlanger Medical Center, and treatment, including surgery, provided by Dr. Peter Nowotarski, constituted reasonable and necessary treatment of Mr. Reece's compensable injuries. Accordingly, Moffitt is responsible to pay for said treatment pursuant to the Workers' Compensation Law.

The Court also finds Mr. Reece's compensable injuries require ongoing treatment. Accordingly, Mr. Reece may continue treatment under Dr. Nowotarski or he may ask that Moffitt provide a panel of physicians competent to treat his injuries from which he may select a physician authorized to provide on-going care. *See* Tenn. Code Ann. § 50-6-204 (a)(3)(A)(i) (2015).

*Mr. Reece Is Entitled to Temporary Disability Benefits.*

In *Jones v. Crencor Leasing and Sales*, No. 2015-01-0332, 2015 TN Wrk. Comp. Bd. LEXIS 48, at *7-8 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), the Tennessee Workers' Compensation Appeals Board, citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978), held, "[a]n injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." The Appeals Board further held in *Jones* that an injured worker may qualify for temporary partial disability benefits if the employer cannot accommodate the restrictions under which the treating physician released the worker to return to work, or if the employer cannot provide the restricted worker with a light duty position producing earnings that equal or exceed the pre-injury average weekly wage. *Id.* at *7-8.

The evidence introduced at the Expedited Hearing corroborated Mr. Reece's testimony that he has been unable to work since the date of injury. In view of the above, the Court finds that, at a hearing on the merits, Mr. Reece will likely prevail in establishing his entitlement to either temporary total or temporary partial disability benefits from the date of injury to the date of this hearing. The Court orders Moffitt to pay Mr. Reece temporary disability benefits until he either returns to work or attains maximum medical improvement from his injuries.

Mr. Reece's testimony that Moffitt paid him $975 per week stands unrebutted.

4

Accordingly, the Court finds Mr. Reece's average weekly wage is $975 and, as such, Moffitt owes him temporary disability benefits in the amount of $650 per week from the date of injury until he either returns to work or attains maximum medical improvement from his compensable injuries. *See* Tenn. Code Ann. §§ 50-6-207(1)(A) and 207(2)(A) (2015).

Mr. Reece made the Court aware of a lien for child support arrearages adjudicated against him in the case of *State of Tennessee Ex. Rel. Tammy Lawrence v. Johnny Reece,* No. 958, TCSES No. 790406, in the General Sessions Court of Bledsoe County, Tennessee. (Ex. 5.) Tennessee Code Annotated section 50-6-223(b) (2015), provides that periodic payment of workers' compensation benefits "shall be subject to income assignment for payment of [child] support[.]" Subsection (c) of section 50-6-223 provides that "the department of human services shall have a lien for any lump-sum settlements for the collection of current or overdue [child] support[.]" This Court requires that Moffitt pay the temporary disability benefits awarded herein in compliance with the above-quoted statutory provisions.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Reece is awarded Medical Benefits, to be initiated by Mr. Reece, or the providers who treated Mr. Reece for his compensable injuries, supplying Moffitt with statements establishing the cost of the treatment for which Mr. Reece seeks payment;

2. Mr. Reece is awarded Medical Benefits for on-going treatment of his compensable injuries. He may select Dr. Peter Nowotarski as his authorized treating physician or he may request that Moffitt provide him a panel of physicians competent to treat his compensable injuries, from which he may select an authorized treating physician for on-going care;

3. Mr. Reece is awarded temporary disability benefits at the rate of $650 per week from the date of injury until he either returns to work or attains maximum medical improvement from his compensable injuries;

4. The Court finds Attorney Robert Wohlford provided substantial and beneficial legal services to Mr. Reece in presenting his claim to this Court and awards Mr. Wohlford an attorney's fee based on twenty percent of the temporary disability benefits awarded herein, including both accrued benefits and any prospective benefits awarded;

5. The Court orders that Moffitt shall pay the temporary disability benefits awarded herein in compliance with Tennessee Code Annotated sections 50-6-223(b) and (c) (2014), pertaining to child support arrearages.

5

6. This matter is set for an Initial Hearing on **May 2, 2016, at 9:00 a.m. Eastern Time.**

**ENTERED this the 16th day of February, 2016.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Status Hearing:

A Status Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 855-747-1721, toll-free, or at 615-741-3061 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board

6

will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

The Court reviewed the following documents and designates these documents as the Technical Record:[2]

1. Petition for Benefit Determination (PBD), filed September 30, 2015;
2. Dispute Certification Notice (DCN), filed September 8, 2015; and
3. Request for Expedited Hearing (REH), filed November 30, 2015.

The Court admitted the following exhibits into evidence at the Expedited Hearing and considered said exhibits in the determination of this claim:

1. Affidavit of Johnny Louis Reece;
2. Standard Form Medical Report for Industrial Injuries (C-32), plus attached medical records of Dr. Peter Nowotarski;
3. Off-Work slips signed by Dr. Richard Chapman;
4. Instruction Sheets from Southern Orthopaedic Trauma Surgeons;
5. Child Support Order of the General Sessions Court of Bledsoe County, Tennessee;
6. Records of Baroness Erlanger Emergency Department; and
7. Medical Bills.

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order For Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 16th day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Robert Jeffrey Wolford, Attorney | | | X | Robert.jeffrey@wolfordlawchattanooga.com |
| Jeffrey Moffitt, d/b/a Moffitt Logging, Unrepresented | X | | | Mail To: 6283 Old State Highway 111, Spencer, TN 38585-4433 |

*Penny Shrum*

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov